IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Terry D. Ramsey, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No: 3:11-cv-65 |
| vs. ) | |
| ) | **ORDER** |
| Don Redmann, Warden, North Dakota ) | |
| Department of Corrections and ) | |
| Rehabilitation, and the State of North ) | |
| Dakota, ) | |
| ) | |
| Respondents. ) | |

Petitioner Terry D. Ramsey ("Ramsey"), an inmate at the James River Correctional Center, filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. #2). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). On initial review the court must identify cognizable claims or dismiss the petition, or any part of it, that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b).

Rule 2(a) of the Rules Governing Section 2254 Cases states that a petition for habeas relief must name as the respondent the officer who has custody of the petitioner. "[T]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2005). Don Redmann is the warden of the James River Correctional Center and is Ramsey's custodian. Warden Don Redmann is the only proper party respondent. It is **ORDERED** that the petition be **DISMISSED** with prejudice as to the North Dakota Department of Corrections and Rehabilitation and the State of North Dakota.

Ramsey is challenging the deprivation of sixty days of good-time credit. The loss of good-time credit was imposed as a sanction on February 25, 2004 for Ramsey's failure to comply with recommended treatment. Ramsey exhausted the prison's grievance and appeal procedures and then filed a complaint in this federal district court pursuant to 28 U.S.C. § 1983. See Ramsey v. Bertsch, Case No. 1:11-cv-2. Ramsey's complaint was dismissed without prejudice after the court determined that a challenge to the deprivation of good-time credit can only be brought utilizing habeas corpus remedies. Id. at Doc. #11, Doc. # 17. Ramsey has not challenged the loss of his good-time credit before the state courts.

28 U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state remedies before filing a petition for habeas relief in federal court. The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)). The exhaustion doctrine applies not only to habeas challenges to judgment of conviction and sentences, but also when a prisoner seeks habeas relief from a claim arising out of the administration of a prisoner's sentence, *e.g.*, challenges to deprivations of accumulated good-time credit. Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

"To satisfy the exhaustion requirement, [Ramsey] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law." (quoting O'Sullivan v.

Boerckel, 526 U.S. 838, 847 (1999))). Ramsey may be able to challenge the deprivation of good-time credit under state law pursuant to N.D. Cent. Code ch. 32-22 governing habeas corpus proceedings. However, this court has previously noted that two state district court judges have held that a prisoner can not challenge the deprivation of good-time credit pursuant to ch. 32-22 until the minimum period of incarceration is expired. See Ernst v. Schuetzle, Case No. 1:06-cv-36, Doc. #3, p. 9 (citing Alex v. Schuetzle, Order dated June 21, 2005, Case No. 05-C-0881, District Court, South Central Judicial District, Burleigh County (Hagerty, J.); Shultz v. Schuetzle, Case No. 08-04-K-1582, District Court, South Central Judicial District, Burleigh County (Anderson, J.)).

Failure to exhaust is an affirmative defense, and the court should only require exhaustion when there is some reasonable probability of an available remedy. Therefore, upon service of the petition, if the respondent wishes to raise as an affirmative defense that the petitioner failed to exhaust his state remedies, the respondent must also indicate what state court remedies are available to be pursued.[1]

Ramsey's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. The Eighth Circuit has recently held that the court should not dismiss a habeas petition as untimely prior to service on the respondent. See Coppage v. Redman, No. 11-1643, 2011 WL 2623551, at *1 (8th Cir. July 5, 2011) (unpublished per curiam). Therefore, upon service of the petition the respondent should address the timeliness of the petition and whether the respondent chooses to waive any statute of limitations defense.

---

[1] The court assumes that if the respondent represents that certain remedies are available, the respondent will not argue to the contrary in state court should Ramsey return there to exhaust his claim.

It is **ORDERED** that a copy of the petition and this order be served upon the respondent. Upon service, the respondent shall have sixty (60) days to file a limited response addressing the issues of exhaustion and timeliness as outlined in the court's order.

Dated this 30th day of August, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge