IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Terry D. Ramsey,                          )
                                          )
                    Petitioner,           )
                                          )        Case No: 3:11-cv-65
            vs.                           )
                                          )        **ORDER**
Don Redmann, Warden,                      )
                                          )
                    Respondent.           )

     Petitioner Terry D. Ramsey ("Ramsey"), an inmate at the James River Correctional Center, filed a petition for habeas relief under 28 U.S.C. § 2254.  (Doc. #2).  On initial review of the petition pursuant to 28 U.S.C. § 1915A the court ordered service upon the respondent.  (Doc. #7).  The respondent filed a response and a motion to dismiss the petition.  (Doc. #8, Doc. #9).  Ramsey filed a reply to the response and a motion to grant habeas relief.  (Doc. #14, Doc. #15).  In addition, Ramsey responded to the motion to dismiss and filed a document titled "Motion for Adoption by Reference" in which he seeks leave of court to include affidavits in the record.  (Doc. #23, #25).  The respondent filed a sur-reply to the petition for habeas relief and a response to the motion to grant habeas relief.  (Doc. #18, Doc. #19).  Ramsey submitted a document which was filed as a "reply brief" to the respondent's sur-reply.  (Doc. #24).  The local rules require the parties to obtain leave of court before submitting any additional filings beyond a reply brief.  D.N.D. Civ. L.R.  7.1(C).  Despite the parties' failure to comply with the local rule, the court has considered all of the documents submitted.

     Ramsey's "Motion for Adoption by Reference" (Doc. #25)  in which he seeks leave of court to include affidavits in the record is **GRANTED**.  The two affidavits submitted by Ramsey are included in the record and have been considered by the court.

Ramsey is challenging the deprivation of sixty days of good-time credit.  The loss of good-time credit was imposed as a sanction on February 25, 2004 for Ramsey's failure to comply with recommended treatment.  (Resp. Ex. #5).  Ramsey had the right to appeal the decision to the Warden within fifteen days, but he did not exercise that right.  (Resp. Ex. #3).  On July 12, 2010, Ramsey sent a letter to the case management staff at the James River Correctional Center requesting that the lost good-time credit be reinstated.  (Resp. Ex #6).  Ramsey's request was denied.  (Resp. Ex. #7).  Ramsey then exhausted the prison's grievance and appeal procedures.  (Resp. Exs. #8 - #11).  Ramsey has not challenged the loss of his good-time credit before the state courts.

Ramsey's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1).  Ramsey contends that the one-year limitations period does not apply to § 2254 petitions challenging administrative decisions.  He cites the Seventh Circuit's holding in Cox v. McBride, 279 F.3d 492 (7th Cir. 2002), that the AEDPA's one-year limitations period applies only to petitions challenging "the judgment of a State court."  However, the Second, Fourth, Fifth, Ninth, Tenth and Eleventh Circuits have all held that the limitations period applies to § 2254 petitions challenging administrative decisions.  Cook v. New York State Div. of Parole, 321 F.3d 274, 279-80 (2nd Cir. 2003); Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002); Shelby v. Bartlett, 391 F.3d 1061, 1063-65 (9th Cir. 2004); Dulworth v. Evans, 442 F.3d 1265, 1267-68 (10th Cir. 2006); Brown v. Barrow, 512 F.3d 1304, 1307 n.1 (11th Cir. 2008).  This court has agreed with those Circuits.  Bell v. North Dakota, 567 F.Supp.2d 1130, 1136 (D.N.D. 2008); Neugebauer v. Fox, No. 1:08-cv-015, 2008 WL 824272, at *2 (D.N.D. March 10, 2008).  Accordingly, the court

finds that the AEDPA's one-year limitations period applies to Ramsey's petition for habeas relief.

The one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Ramsey admits he was informed of the decision to revoke his good-time credit. (Doc. #2, pp. 16, 17). However, he insinuates that the factual predicate of his claims could not have been discovered through the exercise of due diligence prior to July of 2010, at which time Ramsey wrote the letter to the case management staff. (Doc. #23, p. 2; Doc. #25-2, p.1-2; Resp. Ex. #6). Thereafter, Ramsey exhausted the prison's grievance and appeal procedures prior to filing his federal habeas petition. (Resp. Exs. #8 - #11). Assuming that Ramsey's letter and exhaustion of the prison's grievance and appeal procedures tolled the limitations period, the court will address Ramsey's assertion that the factual predicate of his claims could not have been discovered through the exercise of due diligence prior to July of 2010.

Ramsey lists two grounds for relief in his petition. As ground one he states that his due process and equal protection rights were violated. (Doc. #2, p. 5). As ground two Ramsey alleges his Fifth Amendment right against self incrimination was violated. (Doc. #2, p. 7).

Ramsey was convicted of gross sexual imposition. (Resp. Ex. 1). Ramsey's administrative hearing for failure to comply with recommended treatment was held while Ramsey's conviction was on appeal with the North Dakota Supreme Court. Ramsey alleges a correctional facility policy or rule provides that inmates are not required to attend treatment when they are in the process of appealing a conviction. (Doc. #2, pp. 16, 17; Doc. #2-1, p. 1).

Ramsey contends that he was not aware of the correctional facility's policy or rule until July of 2010. (Doc. #23, p. 2; Doc. #25-2, p.1-2).

Assuming Ramsey's recitation of the correctional facility's rule is accurate, Ramsey could have discovered that rule through the exercise of due diligence prior to July of 2010. Ramsey was provided with an Inmate Handbook when he arrived at the facility. (Resp. Ex. #9, Resp. Ex. #11). The Inmate Handbook advises prisoners of the rules and regulations of the correctional facility. In addition, the administrative hearing officer was aware that Ramsey's conviction was on appeal at the time of the hearing, and Ramsey raised his argument prior to and during the hearing. In the incident report dated February 19, 2004 alleging that Ramsey refused to attend treatment, Ramsey wrote in the comments section that he was not refusing treatment, but rather delaying it, and if he lost on appeal with the North Dakota Supreme Court he would comply with the treatment recommendation. (Resp. Ex. #3). In Ramsey's habeas petition he wrote that the "hearing officer . . . made no effort to hear, understand or create meaningful dialog or discourse with regard to [Ramsey's] arguments concerning [his] appeal . . . ." (Doc. #2, pp. 16, 17). Based on the incident report and Ramsey's statement regarding what occurred during the administrative hearing, it appears Ramsey's claim was raised at the hearing and his allegation that he could not have discovered the factual predicate of his claim prior to July of 2010 is without merit.

Ramsey alleges in his petition that he was not provided with competent staff representation at the administrative hearing, and that the hearing officer tried to induce Ramsey to incriminate himself. (Doc. #2, pp. 16, 17). Ramsey would have been aware of these claims at the administrative hearing. The claims are time-barred from federal review.

4

Ramsey's final allegation is that he was not advised of his right to appeal the loss of his good-time credit. (Doc. #2, pp. 16). Ramsey was given a copy of a document titled "Inmate Rights and Responsibilities" which states that Ramsey had the right to appeal the administrative decision within fifteen days. (Resp. Ex. #9). Ramsey signed the document on February 25, 2004 acknowledging that he was advised of his rights at the hearing. Id. In addition, the respondent and the Director of the Department of Corrections noted that the appeals process is explained in the Inmate Handbook, and the Director of the Department of Corrections stated that Ramsey received a lecture on the inmate discipline and appeal process when he arrived at the correctional facility. (Resp. Ex. #9, Resp. Ex. #11). Ramsey contends he signed documents without knowing the content, and he wrote in the appeal of his grievance that he did not have time to read the Inmate Handbook. (Doc. #2, p. 16; Resp. Ex. #10). Ramsey knew or should have known the appeal process long before July of 2010. Ramsey waited over six years after the administrative hearing before he raised his allegations with case management staff at the James River Correctional Center. Ramsey's claims are time-barred from federal review.

The court recognizes that, as a matter of equity, this court may toll the AEDPA's statute of limitations. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). Case law provides that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003)); see also Baker, 321 F.3d at 772 (stating that "[p]risoners

are not exempt from the principle that everyone is presumed to know the law and is subject to

the law whether or not he is actually aware of the particular law of which he has run afoul").

Thus, equitable tolling provides an extremely limited opportunity for this court to consider an

otherwise time-barred petition.

   The AEDPA's one-year limitations period applies to Ramsey's petition for habeas relief

challenging the administrative decision to revoke sixty days of Ramsey's good-time credit.  The

loss of good-time credit was imposed as a sanction on February 25, 2004.  The factual predicate

of Ramsey's claims was known or could have been known at the time of the administrative

hearing.  Ramsey waited over six years after the hearing to raise his claims with staff at the

correctional facility.  Ramsey's claims are time-barred from federal review and Ramsey has not

demonstrated any justification for equitable tolling.[1]

   It is **ORDERED** that Ramsey's motion to grant habeas relief (Doc. #15) is **DENIED**, the

respondent's motion to dismiss the petition (Doc. #9) is **GRANTED**, and the petition for habeas

relief (Doc. #2) is **DISMISSED** with prejudice.  The court further grants a certificate of

appealability with respect to Ramsey's claim that the AEDPA's one-year limitations period does

not apply to administrative decisions.  The court certifies that an appeal may be taken *in forma*

*pauperis* because such an appeal would not be frivolous.

   **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

   Dated this 14th day of December, 2011.

            /s/ *Karen K. Klein*
            Karen K. Klein
            United States Magistrate Judge

---

[1] Ramsey's claims are time-barred from federal review; therefore, the court need not address respondent's allegation that Ramsey failed to exhaust his state remedies.